```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
DANIEL TYGER, et. al.,                          :
                                                :
                Plaintiffs,                     :       **MEMORANDUM & ORDER**
                                                :       04-CV-0055 (DLI) (RLM)
        -against-                               :
                                                :
AIR LINE PILOTS ASSOCIATION,                    :
INTERNATIONAL, and DUANE E. WOERTH              :
as President of Air Line Pilots Association,    :
International,                                  :
                                                :
                Defendants.                     :
----------------------------------------------------------------x
```
**DORA L. IRIZARRY, U.S. District Judge:**

Before the court is Defendants' joint motion for reconsideration of the court's Memorandum and Order dated March 7, 2007, conditionally granting Plaintiffs' motion to reopen and restore this action, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"). Defendants contend that (i) the court properly denied relief under Rule 60(b)(1) and (ii) that the court should reconsider its grant of relief under Rule 60(b)(6). Plaintiffs assert that this court's judgment restoring the instant action pursuant to Rule 60(b)(6) was proper. As set forth more fully below, Defendants' motion for reconsideration is granted due to Plaintiffs' failure to establish extraordinary circumstances. Moreover, consideration of the totality of circumstances of this case warrants the granting of Defendants' motion.

## BACKGROUND

Plaintiffs, approximately ninety airline pilots, filed the instant action on January 7, 2004, alleging that Defendants deprived Plaintiffs of opportunities for career advancement. Defendants never filed an answer and Plaintiffs failed to take any further action in this case. On July 28, 2005, the court entered a Notice of Impending Dismissal for Failure to Prosecute, *see* Notice, Docket Entry

No. 3, warning the Plaintiffs of dismissal absent any further action by August 18, 2005. Plaintiffs took no further action. Accordingly, on September 1, 2005, the court entered an order dismissing the action ("Dismissal Order"). *See* Dismissal Order, Docket Entry No. 4. Nearly one year later, on August 29, 2006, Plaintiffs filed a motion seeking to reopen the case pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Defendants filed no opposition to Plaintiffs' motion.

On March 7, 2007, the court conditionally granted Plaintiffs' motion ("March 7, 2007 Order"). *See generally* March 7, 2007 Order, Docket Entry No. 7. The court denied Plaintiffs' motion to the extent that it sought relief from judgment for excusable neglect under Rule 60(b)(1), holding that Plaintiffs failed to establish excusable neglect. After balancing the equities of the case, however, the court conditionally granted Plaintiffs relief from judgment under the "catch-all" provision of Rule 60(b)(6). The court sanctioned Plaintiffs' attorney for his neglect and ordered him to pay a fine in the amount of $2,500.00 as a condition to restoring the case.

On March 26, 2007, thirteen business days after the court restored the case, Defendants requested a pre-motion conference for reconsideration of the March 7, 2007 Order. This request, even if construed as a motion for reconsideration, was untimely; however, due to new facts alleged in the request and in the interest of justice, the court permitted Defendants to move for reconsideration. Defendants alleged that they never received service of Plaintiffs' Rule 60(b) motion. Plaintiffs contend that they served Defendants; however, Plaintiffs failed to submit an affidavit of service. Without an affidavit of service, the court presumes Plaintiffs failed to serve Defendants. Additionally, Defendants asserted that they intended to answer the complaint; however, Plaintiffs informed them that Plaintiffs intended to file an amended complaint, thereby negating the need for an answer. Defendants provided the court with a letter memorializing this understanding.

*See* Vitale Decl. ¶ 3; Vitale Decl. Ex. 2.

## DISCUSSION

**I.**     **Standards for Reconsideration**

Motions for reconsideration or reargument are governed by Local Civil Rule 6.3 and are entrusted to the discretion of the court. *See McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983). "The standard for granting [a motion for reconsideration or reargument] is strict, and reconsideration [or reargument] will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). In addition, the moving party must demonstrate that the factual matters or controlling precedent overlooked by the court "were presented to it on the underlying motion." *In re N.Y. Comm. Bancorp, Inc.*, 04-CV-4165 (ADS)(AKT), 2007 U.S. Dist. LEXIS 47405, at *7 (E.D.N.Y. June 29, 2007) (citation omitted). Reconsideration or reargument is, furthermore, justified on the following grounds: "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

A court's reconsideration of an earlier order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). Accordingly, reconsideration or reargument motions should not be granted when the moving party seeks solely to re-litigate an issue already decided. *In re Houbigant, Inc.,* 914 F. Supp. 997, 1001 (S.D.N.Y. 1996) (finding that a Rule 6.3 motion is "not a motion to reargue those issues already considered when a party does not like the

way the original motion was resolved").

## II. Application

Plaintiffs sought relief from judgment under subsections one and six of Rule 60(b). In the March 7, 2007 Order, this court denied Plaintiffs' motion to the extent it sought relief under Rule 60(b)(1) for excusable neglect. Their attorney's persistent delays and failures fall outside the scope of what is said to be excusable neglect. Upon due consideration of the equities of this case, however, the court granted relief from judgment under Rule 60(b)(6), the "catch-all" provision. The court noted that the inactivity of both Plaintiffs and Defendants led to dismissal, that Defendants had incurred minimal expenses in litigating the case, and that the hardship Plaintiffs would suffer tipped the scales in favor of granting relief from judgment. Defendants seek reconsideration solely of the latter determination—the grant of relief under Rule 60(b)(6). This Order is limited to reconsideration of that determination.

When a party is unable to seek relief from judgment under any of the grounds specified in subsections one through five of Rule 60(b), courts may grant relief under subsection six for "any other reason that justifies relief." Rule 60(b)(6). This provision is properly invoked "only when there are extraordinary circumstances justifying relief" or "when the judgment may work an extreme and undue hardship." *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986); *Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004); *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977). In resolving motions for relief, courts should "strike[] a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer*, 793 F.2d at 61. Interpreting this provision too broadly would eviscerate the finality of judgments. *See Cirami*, 563 F.2d at 33 ("Very high among the interests in our jurisprudential system is that of finality of judgments.").

Reconsideration and denial of Plaintiffs' request for relief pursuant to Rule 60(b)(6) is merited. First, there are no extraordinary circumstances justifying relief from judgment. The Second Circuit "*very* rarely grants relief under Rule 60(b)(6) for cases of alleged attorney failure or misconduct." *Harris*, 367 F.3d at 81 (emphasis in original); *see Cirami*, 563 F.2d at 33 ("[W]e reiterate our firm belief that courts should not encourage the reopening of final judgments or casually permit the relitigation of litigated issues out of a friendliness to claims of unfortunate failures to put in one's best case."). Attorney neglect or failure is an "extraordinary circumstance" only when the attorney physically or constructively abandons the client. An attorney constructively abandons a client when an attorney neglects a case due to mental illness or a severe personal problem. *See Amorosi v. Comp USA*, No. 01-CV-4242 (KMK), 2005 WL 66605, *4 (S.D.N.Y. Jan. 12, 2005) (noting that in cases in which courts found constructive abandonment, "the party seeking relief . . . or their counsel provided some evidence of the attorney's mental illness"). Additionally, parties seeking relief must demonstrate that despite their attorney's neglect, they acted diligently. *See Cobos v. Adelphi Univ.*, 179 F.R.D. 381, 388-89 (E.D.N.Y. 1998) (denying relief as the parties offered no explanation for the attorney's poor performance and no evidence of client diligence). There is no evidence of physical or constructive abandonment in this case or of Plaintiffs' diligence. Plaintiffs failed to establish attorney neglect as an extraordinary circumstance and are not entitled to relief on this theory.

The only other justification for relief is undue hardship, a finding the court previously made upon balancing the equities of this case. The court revisits that finding, in light of the facts that recently surfaced. The court now understands that Plaintiffs caused Defendants' inactivity. Central to the determination to the grant of relief was the fact that reopening the case would cause little

prejudice to the Defendants, who as the court understood it, had not bothered to answer the complaint or oppose Plaintiffs' Rule 60(b) motion. Defendants have since provided the court with valid reasons for their inactivity. First, Defendants did not answer the complaint because Plaintiffs advised them that Plaintiffs intended to file an amended complaint, negating the need for an answer. Defendants provided the court with a letter from their counsel to Plaintiffs' counsel memorializing this understanding. *See* Vitale Decl. Ex. 2. Plaintiffs do not dispute that contention, *see* Pl. Opp. at 3, and they never filed an amended complaint.[1] Second, Defendants contend that they did not receive service of Plaintiffs' Rule 60(b) motion. Plaintiffs unconvincingly dispute this contention. *See* Haber Decl. ¶¶ 2-7. In any event, Plaintiffs failed to submit an affidavit of service and the court presumes Plaintiffs failed to serve Defendants.

The court must determine whether it is fair to permit Plaintiffs to benefit from their neglect. There are several reasons to deny relief to Plaintiffs. Defendants relied upon the Dismissal Order as a final, binding conclusion to this litigation. Their reliance on the Dismissal Order is particularly motivating as the deadlines for Plaintiffs to move for reconsideration or to appeal the Dismissal Order long passed with no action from the Plaintiffs. It is not unreasonable for a defendant to rely on the finality of an order once these deadlines have passed. Moreover, upon learning of the Dismissal Order, Plaintiffs failed to promptly file their Rule 60(b) motion. *See* Pl. Opp. 5-6. It is Plaintiffs and not Defendants who should be penalized for the Defendants' inactivity.

---

[1] As the Defendants never entered an appearance in this matter, they would not have received the Court's notice of impending dismissal nor the order dismissing the case for failure to prosecute. The court also notes that Plaintiffs never moved for default judgment against Defendants nor took any other action until nearly a year after the dismissal of the case as described above.

Finally, the only factor that arguably justifies relief from judgment—the absence of any other remedy—cuts both ways in this case. Plaintiffs will be unable to litigate their claims absent relief from the Dismissal Order, as the applicable statute of limitations passed. They allege claims of breach of the duty of fair representation, which has a six month statute of limitations. Filing a new complaint, years after the statute of limitations expired, would be meritless. The court is mindful that denying relief under Rule 60(b)(6) will negatively impact roughly ninety individuals; however, numerosity alone does not tip the equities in Plaintiffs' favor. *See generally Cobos v. Adelphi Univ.*, 179 F.R.D. 381 (E.D.N.Y. 1998) (denying relief to sixteen plaintiffs for their attorney's failure). Further, the timely resolution of labor disputes is favored, *see United States Postal Service v. Mitchell*, 451 U.S. 56, 63 (1981) (noting that "one of the leading federal policies in this area is the relatively rapid disposition of labor disputes"), and Defendants have relied upon the Dismissal Order in subsequent collective bargaining agreements. *See* Vitale Decl. ¶ 6.

The Defendants' lack of culpability, the federal interest in the prompt resolution of labor disputes, the strong interest in the finality of judgments, and Defendants' reliance on the Dismissal Order outweighs the Plaintiffs' interest in resolution of these claims on the merits. *See Amorosi,* 2005 WL 66605, at *5 (denying relief under Rule 60(b) and noting that the "very fact that the limitations period has run while Plaintiff has failed to duly prosecute this case indicates that Defendants would be prejudiced in defending Plaintiff's potentially stale claim"). Plaintiffs never filed an amended complaint and the statute of limitations passed nearly twice during the period in between the issuance of the Dismissal Order and Plaintiffs' filing of their Rule 60(b) motion. Consideration of these equitable factors does not support granting relief from judgment under Rule 60(b)(6).

## CONCLUSION

For all the reasons set forth above, Defendants' motion for reconsideration is granted and Plaintiffs' Rule 60(b) motion is denied in its entirety. The March 7, 2007 Order dismissing the instant action is hereby restored.

SO ORDERED

DATED:	Brooklyn, New York
	August 16, 2008

_____/s/_____
DORA L. IRIZARRY
United States District Judge